UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERNESTO DARQUEA,            )
    Plaintiff,              )
                            )
    v.                      )   C.A. No. 05-10438-MLW
                            )
VISAGE TECHNOLOGY, INC.,    )
BERNARD BAILEY, WILLIAM     )
K. AULET, AND DENIS         )
K. BERUBE,                  )
    Defendants.             )

ORDER CONSOLIDATING THE ACTIONS, APPOINTING TURNBERRY
ASSET GROUP AS LEAD PLAINTIFF, AND APPROVING
SELECTION OF CO-LEAD COUNSEL AND LIAISON COUNSEL

| | |
|---|---|
| GERALD D. BRODER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:05-cv-10475-MLW |
| | : |
| VIISAGE TECHNOLOGY, INC., | : |
| BERNARD BAILEY, WILLIAM K. | : |
| AULET, and DENIS K. BERUBE, | : |
| | : |
| Defendants. | : |
| | : |
| JOHN FLYNN, On Behalf of Himself and | : |
| All Others Similarly Situated, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:05-cv-10498-MLW |
| | : |
| VIISAGE TECHNOLOGY, INC., | : |
| BERNARD BAILEY, WILLIAM K. | : |
| AULET, and DENIS K. BERUBE, | : |
| BUDDY G. BECK, MARCEL YON, and | : |
| THOMAS J. REILLY, | : |
| | : |
| Defendants. | : |
| | : |
| MIN CHANG, Individually, and On behalf | : |
| of All Others Similarly Situated, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Case No. 1:05-cv-10537-MLW |
| | : |
| VIISAGE TECHNOLOGY, INC., | : |
| BERNARD BAILEY, WILLIAM K. | : |
| AULET, and DENIS K. BERUBE, | : |
| | : |
| Defendants. | : |

| | |
|---|---|
| JOSEPH MARTIN, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VIISAGE TECHNOLOGY, INC., BERNARD BAILEY, WILLIAM K. AULET, and DENIS K. BERUBE,<br><br><br>　　　　　　Defendants. | Case No. 1:05-cv-10577-MLW |
| WAYNE CLARK, Individually and on behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VIISAGE TECHNOLOGY, INC., BERNARD BAILEY, WILLIAM K. AULET, and DENIS K. BERUBE,<br><br><br>　　　　　　Defendants. | Case No. 1:05-cv-10578-MLW |
| DAPENG LUO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VIISAGE TECHNOLOGY, INC., BERNARD BAILEY, WILLIAM K. AULET, DENIS K. BERUBE, BUDDY G. BECK, MARCEL YON, THOMAS J. REILLY, and CHARLES E. LEVINE<br><br>　　　　　　Defendants. | Case No. 1:05-cv-10615-MLW |

| | |
|---|---|
| TURNBERRY ASSET MANAGEMENT, on behalf of itself and all others similarly situated, | : : : : : : |
| Plaintiff, | : : |
| v. | : Case No. 1:05-cv-10725-MLW |
| VIISAGE TECHNOLOGY, INC., BERNARD BAILEY, WILLIAM K. AULET, DENIS K. BERUBE, BUDDY G. BECK, MARCEL YON, THOMAS J. REILLY, CHARLES E. LEVINE, HARRIET MOUCHLY-WEISS, PAUL T. PRINCIPATO, and PETER NESSEN, | : : : : : : : : : |
| Defendants. | : |

Having considered the various motions for appointment of Lead Plaintiff and Lead Counsel including the motion of Turnberry Asset Management, Electronic Trading Group, L.L.C., Ronald Sauer, and David and Lance Hancock (collectively, the "Turnberry Asset Group") to consolidate all related securities class actions, to appoint Turnberry Asset Group Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4 (a)(3)(B), Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), and to approve Turnberry Asset Group's selection of Entwistle & Cappucci LLP and Klafter & Olsen LLP as Co-Lead Counsel and Berman DeValerio Pease Tabacco Burt & Pucillo as Liaison Counsel, the Court hereby ORDERS as follows.

## I. CONSOLIDATION

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure the following actions are hereby consolidated for all purposes into one action:

4

| | ABBREVIATED CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|---|
| 1. | *Darquea v. Viisage, et al.* | 05-cv-10438-MLW | 3-8-2005 |
| 2. | *Broder v. Viisage, et al.* | 05-cv-10475-MLW | 3-11-2005 |
| 3. | *Flynn v. Viisage, et al.* | 05-cv-10498-MLW | 3-16-2005 |
| 4. | *Chang v. Viisage, et al.* | 05-cv-10537-MLW | 3-21-2005 |
| 5. | *Martin v. Viisage, et al.* | 05-cv-10577-MLW | 3-24-2005 |
| 6. | *Clark v. Viisage et al.* | 05-cv-10578-MLW | 3-25-2005 |
| 7. | *Luo v. Viisage, et al.* | 05-cv-10615-MLW | 3-29-2005 |
| 8. | *Turnberry Asset Mngt v. Viisage, et al* | 05-cv-10725-MLW | 4-12-2005 |

2. These actions shall be referred to herein as the "Consolidated Actions." This Order shall apply to the Consolidated Actions and to each case that is subsequently filed in this Court or transferred to this Court that relates to the same subject matter as in the Consolidated Actions.

3. Every pleading in this Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                        )
In re Viisage Technology Inc. Securities Litigation   ) Case No. ____
                                        )
_____)
```

When a pleading is intended to apply to all actions, the words "All Actions" should be inserted in the caption. When a pleading is intended to apply to fewer than all actions, the docket number of each individual action and the last name of the first named plaintiff shall be inserted in the caption.

4. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this Consolidated Action.

II. **MASTER DOCKET AND MASTER FILE**

5. A Master Docket and Master File shall be established for the Consolidated Actions. The Master File shall be Case No. _____. All orders, pleadings, motions and other

documents shall, when filed and docketed in the Master file, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleading, or other document is filed with a caption indicating that it is applicable to fewer than all of these consolidated actions, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

### III. NEWLY-FILED OR TRANSFERRED ACTIONS

6. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred to this Court from another court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. make the appropriate entry in the docket for this action.

7. Each new case arising out of the subject matter of this Consolidated Action that is filed in this Court or transferred to this Court (other than a purely derivative or ERISA action) shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

8. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as

computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

## IV. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

9. The Turnberry Asset Group has timely moved the Court to be appointed Lead Plaintiffs in the Consolidated Action, and have submitted certifications as to fulfilling the requirements of the PSLRA.

10. Having considered the provisions of 15 U.S.C. § 78u-4 (a)(3)(B), and the material submitted by the Turnberry Asset Group in support of their motion, the Court hereby concludes that the Turnberry Asset Group is the "most adequate plaintiffs" and that they satisfy the requirements of 15 U.S.C. § 78u-4 (a)(3)(B). The Court hereby appoints the Turnberry Asset Group to be the Lead Plaintiffs and to represent the interests of the Class.

11. Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the Lead Plaintiffs have selected and retained the law firms of Entwistle & Cappucci LLP and Klafter & Olsen LLP. The Court hereby approves the Lead Plaintiffs' selection of Co-Lead Counsel. The Court also approves the selection of Berman DeValerio Pease Tabacco Burt & Pucillo as Liaison Counsel.

12. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through other counsel designated by lead counsel:

    a. to coordinate the briefing and argument of any and all motions;

    b. to coordinate the conduct of any and all discovery proceedings;

    c. to coordinate the examination of any and all witnesses in depositions;

    d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f. to conduct all settlement negotiations with counsel for defendants;

g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

h. to coordinate the preparation and filings of all pleadings; and

i. to supervise all other matters concerning the prosecution or resolution of the consolidated actions.

13. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery.

14. Liaison Counsel shall have responsibility for receiving and disseminating Court orders and notices.

15. Co-Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, shall serve as the spokespersons for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

16. Defendants shall serve papers on plaintiffs by serving copies on Co-Lead Counsel and Liaison Counsel by overnight delivery service, by hand delivery, or by regular mail and by facsimile or electronic mail. Plaintiffs shall serve papers on defendants by serving copies on defendants' counsel by overnight delivery service, by hand delivery, or by regular mail and by facsimile or electronic mail.

**IT IS SO ORDERED.**

DATED: January 13, 2006

_____
UNITED STATES DISTRICT JUDGE